932

## In re MONROE.
### No. 26946.

District Court, E. D. Michigan, S. D.

Feb. 6, 1943.

Arthur Rubin, of Detroit, Mich., for bankrupt.

Sidney J. Karbel, of Detroit, Mich., for trustee.

M. L. Leacock, of Detroit, Mich., for reviewing petitioner Anderson.

LEDERLE, District Judge.

This matter came up for hearing on Anderson's petition for review of two summary orders entered by the referee, requiring Anderson, under pain of contempt for noncompliance, to turn over to the trustee for the bankrupt, within 10 days, certain money which the referee found belonged to the bankrupt estate resulting from a purported trust mortgage sale by Anderson, mortgagee under what the referee decided was a void trust mortgage of the bankrupt's property.

Other than in the turn-over orders this record is barren of any demand upon Anderson for this money. The sole basis for such turn-over orders was a petition and order for oral examination of Anderson in accordance with Sec. 21, sub. a of the Bankruptcy Act, 11 U.S.C.A. § 44, sub. a, in compliance with which Anderson testified on two occasions. Following such examination, the first turn-over order was entered. Upon learning of such entry, Anderson, through his attorney, filed a petition to vacate the same, and in addition to alleging that in any event he was an adverse claimant entitled to the benefit of a plenary suit to which he had certain defenses, charged specifically: "That said turn-over order was entered without any proceeding pending before this court and that said Robert Anderson had appeared and was examined under Section 21A of the Bankruptcy Act, but that no other proceeding had been instituted, no answer filed, and that said order was entered without said Robert Anderson having had his day in court."

After hearing this petition to vacate, the referee entered an order reaffirming the terms of the original turn-over order, except to add $58 to the amount to be paid. Thereupon, Anderson petitioned for review of said orders in accordance with Sec. 39, sub. c. of the Bankruptcy Act, 11 U.S.C.A. § 67, sub. c. Several errors were alleged, of which only one will be considered, namely, that reading: "Said orders were entered without any proceeding pending before the Referee, said Robert Anderson having appeared as a witness by subpoena under Sec. 21(a) of the Bankruptcy Act, and that after said examination the first turn-over order was entered without having permitted said Robert Anderson to have his day in court and without any proceeding directed to him in this cause, in which he is not a party."

The proper procedure for exercise of summary turn-over jurisdiction of the referee is by written petition, setting forth with reasonable particularity the trustee's claims and demands, reasonable notice to the respondent by order to show cause or other procedure providing for a hearing on the contested issue which may be made by the respondent's answer to the petition. (Remington on Bankruptcy, Secs. 2405, 2408, inc.; Mueller v. Nugent, 184 U.S. 1, 22 S.Ct. 269, 46 L.Ed. 405.) Such

procedure would conform to the requirements of due process, and would afford the respondent an opportunity to present any defense he wishes to make. This includes his claim of adversity entitling him to a plenary suit, and, if sustained, he may either submit, or object, to the jurisdiction of the bankruptcy court. Thus, the danger of placing a man summarily in contempt for nonpayment of money never before properly demanded of him will be avoided.

It follows that the orders appealed from must be vacated, and an order will be so entered.